UNITED STATES DISTRIC COURT
MIDDLE DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DILCIA G. JIMENEZ
and other similarly-situated individuals,

    Plaintiff,

v.

JMN DELI CORP.
and JOSE M. NUNEZ, individually,

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DILCIA G. JIMENEZ and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants JMN DELI CORP. and JOSE M. NUNEZ, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DILCIA G. JIMENEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant JMN DELI CORP. is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. At all times, Defendant was and is engaged in interstate commerce.

4. The individual Defendant JOSE M. NUNEZ was and is now, the owner/partner/general manager of JMN DELI CORP. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant JMN DELI CORP., is a chain of deli-cafeteria and take-out restaurant doing business at several Price Choice Food Markets, and Tropical Supermarket.

7. Defendant JMN DELI CORP. employed Plaintiff DILCIA G. JIMENEZ from approximately October 26, 2009 to December 28, 2016, or more than 7 years. For FLSA purposes Plaintiff's relevant period of employment is 153 weeks.

8. Plaintiff worked at Price Choice Food Market # 8 located at 4500 NW 183 Avenue, Miami, Florida 33055.

9. Plaintiff was a non-exempt hourly employee, and her regular wage rate was $8.32 and $9.57 an hour; Plaintiff worked as a cook, kitchen helper, cleaning and restaurant employee performing general restaurant work.

10. During the relevant period of employment with Defendants, Plaintiff worked a regular schedule; Plaintiff worked five days per week from Thursdays to Mondays,

from 6:00 AM to 5:00 PM (11 hours daily), or 55 hours per week. Plaintiff was not able to take bona fide lunch breaks.

11. Plaintiff worked an average of 55 hours weekly, however, she was paid only for 40 hours weekly.

12. Plaintiff worked at least 15 overtime hours in every week period that were not compensated at any rate, not even at the minimum wage rate.

13. Every day, Plaintiff punched in and out according to her regular schedule, and Defendants were able to track the hours worked by Plaintiff. However, Plaintiff was not paid for overtime hours at the rate of time and a half her regular rate, as established by law.

14. During all her time of employment with Defendants, Plaintiff was paid weekly strictly on cash basis, without any paystub providing basic information about her wage rate, real number of hours worked, employment taxes withheld etc., etc.

15. Therefore, Plaintiff was not paid overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

16. On or about December 28, 2016 Plaintiff was forced to leave her employment due to a job-related back injury.

17. Plaintiff seeks to recover unpaid overtime wages accumulated during her period of employment with Defendants, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid for

regular and overtime wages at the rate of time and one half their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff DILCIA G. JIMENEZ and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant JMN DELI CORP. was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail deli/café and take out restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the

Employer/Defendant was in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff had duties as a cook, cleaning person and general restaurant work employee, and through her daily activities, Plaintiff participated in interstate commerce by regularly handling and working on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

23. Defendant JMN DELI CORP. employed Plaintiff DILCIA G. JIMENEZ from approximately October 26, 2009 to December 28, 2016, or more than 7 years. For FLSA purposes Plaintiff's relevant period of employment is 153 weeks.

24. Plaintiff was a non-exempt hourly employee, and her regular wage rate was $8.32 and $9.57 an hour; Plaintiff worked as a cook, kitchen helper, cleaning and restaurant employee performing general restaurant work.

25. During the relevant period of employment with Defendants, Plaintiff worked an average or 55 hours per week. However, Plaintiff was paid only for 40 hours weekly.

26. Plaintiff worked at least 15 overtime hours in every week period that were not compensated at any rate, not even at the minimum wage rate.

27. Every day, Plaintiff punched in and out according to her regular schedule, and Defendants were able to track the hours worked by Plaintiff. However, Plaintiff

was not paid for overtime hours at the rate of time and a half her regular rate, as established by law.

28. During all her time of employment with Defendants, Plaintiff was paid weekly strictly with cash, without any paystub providing basic information about her wage rate, real number of hours worked, employment taxes withheld etc., etc.

29. Therefore, Plaintiff was not paid overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

30. Plaintiff was paid with checks accompanied by paystubs that did not reflect the real number of hours worked.

31. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 55 hour.

   a. <u>Total amount of alleged unpaid wages</u>:

   Thirty-One Thousand Five Hundred Fifty-Eight Dollars and 80/100 ($31,558.80)

    b. <u>Calculation of such wages</u>:

    Relevant weeks of employment: 153 weeks
    Total number of hours worked: 55 hours average weekly
    Total number of overtime hours: 15

    **1.- Overtime calculations for the period from 01/19/2014 to 12/31/2014 paid @ $8.32 an hour = 49 weeks**

    Total number of hours worked: 55 hours average weekly
    Total number of overtime hours: 15
    Total number of unpaid O/T hours: 15
    Paid: $333.00 weekly: 40 hours = $8.32
    Regular rate: $8.32 x 1.5 = $12.48
    O/T rate: $12.48 an hour

    $12.48 x 15 O/T hrs. = $187.20 weekly x 49 weeks = $9,172.80

    **2.- Overtime calculations for the period from 01/01/2015 to 12/28/2016 paid @ $9.57 an hour = 104 weeks**

    Total number of hours worked: 55 hours average weekly
    Total number of overtime hours: 15
    Total number of unpaid O/T hours: 15
    Paid: $383.00 weekly: 40 hours = $9.57
    Regular rate: $9.57 x 1.5 = $14.35
    O/T rate: $14.35 an hour

    $14.35 x 15 O/T hrs. = $215.25 weekly x 104 weeks = $22,386.00

    Total 1 and 2: $31,558.80

    <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents the unpaid overtime hours.

33. At all times, the Employer/Defendant JMN DELI CORP. failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant

to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendant JMN DELI CORP. knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. At the times mentioned, individual Defendant JOSE M. NUNEZ was and is now, the manager of JMN DELI CORP. Defendant JOSE M. NUNEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of JMN DELI CORP. in relation to the employees of JMN DELI CORP., including Plaintiff and others similarly situated. Defendant JOSE M. NUNEZ had financial and operational control of the businesses, determined Plaintiff's terms and working conditions, and he is jointly liable for Plaintiff's damages.

36. Defendants JMN DELI CORP., and JOSE M. NUNEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages, as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DILCIA G. JIMENEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants JMN DELI CORP., and JOSE M. NUNEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff DILCIA G. JIMENEZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DILCIA G. JIMENEZ and those similarly-situated demand trial by jury of all issues

Dated: January 26, 2017

    Respectfully submitted,

    By: __/s/ Zandro E. Palma____
    ZANDRO E. PALMA, P.A.
    Florida Bar No.: 0024031
    3100 South Dixie Highway
    Suite 202
    Miami, FL 33133
    Telephone: (305) 446-1500
    Facsimile: (305) 446-1502
    zep@thepalmalawgroup.com
    *Attorney for Plaintiff*